■ WATERTOWN REDEVELOPMENT CO., Appellant, v CITY OF WATER-TOWN, Respondent.—Order unanimously affirmed, with costs (see *Messineo v City of Amsterdam,* 17 NY2d 523). (Appeal from order of Jefferson Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.

■ WILLIAM J. CAMPERLINO et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 1.)—Case held, decision reserved, and matter remitted to Court of Claims for further findings in accordance with the following memorandum: The State appeals from a judgment of the Court of Claims awarding damages to the claimant in the sum of $4,117 for a highway appropriation of 0.438 acre. The sole contention of the State is that the trial court erred in determining the value of the land by failing to give sufficient weight to a sale of the entire parcel less than one year after the appropriation. A sale of the subject property at a time close to the date of appropriation is, of course, highly probative evidence of the value of the land at the date of appropriation *(Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273, 277; *Grant Co. v Srogi,* 71 AD2d 457, 464). The trial court determined that the Gaza parcel was worth $235,660 at the time of the appropriation, even though the parcel was sold, 10 months after the appropriation, for $96,103. The court's decision does not explain what facts justify this discrepancy, and thus intelligent judicial review of the adequacy of the award is precluded. (Appeal from judgment of Court of Claims—appropriation.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.

■ WILLIAM J. CAMPERLINO et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 2.)—Case held, decision reserved, and matter remitted to the Court of Claims for further findings in accordance with the following memorandum: In determining consequential damages for the appropriations the trial court properly considered the assemblage as a single tract. It did not, however, explain the weight that it accorded to the evidence of the recent sale of one of the constituent parcels. The lack of evidence in the record concerning this sale precludes intelligent appellate review. (Appeal from judgment of Court of Claims—appropriation.) Present —Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.