mother's home in November and wrote her at her mother's address on December 17, 1980 — two days before the same attorneys made the ex parte application for service on her. It is conceded that in early December, 1980 defendant Mrs. Coyne took an apartment in New York City. The affidavit states that a telephone listing and a street address were obtained for a "S. Coyne" at East 55th Street. Mrs. Coyne was at East 51st Street and had a telephone listing at her 51st Street address. Plaintiff's attorneys concede the fact that she had a telephone listing in her own name on 51st Street. The attorney's affidavit states that Mrs. Coyne "does not live at East 55th Street". No affidavit is presented, however, from the unnamed investigator who was hired to serve her there. No attempt was made to serve her at her mother's home, although she was at her mother's frequently and plaintiff's attorney states that he knew that defendant "has remained close to her mother, especially since her mother has been hospitalized recently". A change of address from the post office was requested. The return was not attached. No affidavit from the plaintiff, husband, was before Special Term. Based on this flimsy effort, plaintiff's attorney concluded that defendant "cannot be found." The test to be employed before utilizing CPLR 308 (subd 5) as Professor Siegel points out, is whether due diligence required under subdivisions 1 and 2 were used, plus the additional showing that service under subdivision 4 will not work either (Siegel, New York Practice, § 75, p 81). In our view, such was far from being demonstrated by a single conclusory affidavit of plaintiff's attorney. Regardless of whether "due diligence" is the proper trigger for expedient service under subdivision 5, it should be clear that in order to avoid abuse of the use of court intervention in service of process, a factual foundation precisely specifying time when, place where and methods used to satisfy the service requirements must be spelled out from supporting affidavits of those with first-hand knowledge (see *Langdon v Mohr,* 67 AD2d 648, 649; *Escobedo v Schwerin,* 58 AD2d 762; *Deason v Deason,* 73 Misc 2d 964, 967). A showing that it is merely inconvenient, as was done here, in our view is not sufficient to meet the statutory test of "impracticable". (Appeal from order of Onondaga Supreme Court, Stone, J. — joint trial, venue.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Denman, JJ.

■ WILLIAM J. CAMPERLINO et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed, with costs. Memorandum: These matters involving two adjacent parcels of land were previously remitted to the Court of Claims for further findings in order to provide an explanation for failure to give sufficient weight to a sale of one of the parcels less than one year after appropriation (see *Camperlino v State of New York,* 78 AD2d 773). The trial court has conducted an evidentiary hearing on the issue and made findings sufficient to support its award and we therefore affirm. (Appeal from judgment of Court of Claims, Lowery, J. — appropriation.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Denman, JJ.

■ WILLIAM J. CAMPERLINO et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 2.) — Judgment unanimously affirmed. Same memorandum as in *Camperlino v State of New York* (83 AD2d 775). (Appeal from judgment of Court of Claims, Lowery, J. — appropriation.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Denman, JJ.

■ In the Matter of GEORGE R. LA CAVA. — Application for reinstatement as an attorney and counselor at law denied. Present — Dillon, P. J., Cardamone, Simons, Hancock, Jr., and Callahan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MORDINO, Appellant. — Judgment unanimously affirmed. Memorandum: On ap-